The document below is hereby signed.

Signed: June 03, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
ANDIA ASHLEY EVANS,            )   Case No. 10-00139
                               )   (Chapter 13)
          Debtor.              )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION REGARDING DEBTOR'S OBJECTION TO AFFIDAVIT
 OF DEFAULT UNDER CONSENT ORDER MODIFYING THE AUTOMATIC STAY

The debtor consented to entry of a Consent Order lifting the automatic stay on her real property to permit First Mount Vernon to foreclose upon the property, but the Consent Order, which was signed and entered on April 19, 2010, provided that the automatic stay would be stayed so long as the debtor:

> 1. Resume(s) making regular monthly payments on May 1, 2010 of $1,823.82 or as adjusted for escrow changes and continue thereafter, as well as all other conditions and obligations under the terms of the Deed of Trust or Mortgage, and
> 2. Make(s) a payment of $841.28 for six (6) months beginning April 20, 2010, and continue through September 20, 2010. The total post-petition arrearage due from March, 2010 to April 2010 is $5,047.64 which includes $650.00 bankruptcy legal fees, $150.00 and $600.00 late charges.

The Consent Order directed that:

> Should the Debtor(s) fail to make any payment when due or should any payment be returned for insufficient

>funds, Movant shall file a Notice of Default with the
>Court.  Said Notice shall provide copies to the
>Debtor(s) and Debtor(s)' attorney and allow the
>Debtor(s) ten (10) days from the date the Affidavit of
>Default is mailed to cure two (2) default(s) under this
>agreement.  Any cure of an Affidavit of Default must be
>made in the form of a certified or cashier's check, or
>Western Union Quick Collect.  No right shall be given
>to cure any ensuing default.  In the event of a
>subsequent default and upon notice to Debtor(s),
>Debtor(s)' counsel and the Court the stay shall
>automatically terminate.

The debtor defaulted in making a required payment, and the creditor filed an affidavit of default.  The debtor then filed a response stating in pertinent part:

> 4. On or about April 22, 2010, Debtor, filed with this Court, a motion seeking to value the Property, and in turn cramdown the claim of Movant such that debtor would pay through the plan the lien of First Mount Vernon to the extent of $85,000.00 (with interest at 7%).
> 5. Inasmuch as debtor intends to make payment to First Mount Vernon by and through the plan, First Mount Vernon is adequately protected, and cause has not been established to permit First Mount Vernon relief from the stay.

The debtor's response to the affidavit of default does not rebut the accuracy of the facts recited in the affidavit of default, establishing that the debtor had defaulted in making a payment required by the Consent Order.  Under the terms of the Consent Order, the automatic stay has terminated without the necessity of further order of the court.

The Consent Order did not provide an exception to the termination of the automatic stay in the event the debtor were to propose a plan that would provide for the lien to be paid through

a plan at a "cramdown" value.  To be relieved of the terms of the Consent Order, the debtor would have to file a motion under Fed. R. Civ. P. 60 for relief from the Consent Order.  The debtor has filed no such motion.  Nor has the debtor secured confirmation of a plan containing terms that would bind the creditor and trump the Consent Order.

In any event, if it were treated as a motion to be relieved of the Consent Order, the debtor's response to the affidavit of default does not set forth adequate grounds for being relieved of the terms of the Consent Order.  The debtor has not even filed a plan to "cram down" the creditor: the only plan on file, filed on February 17, 2010, provides:

> B.    11 U.S.C. § 1322(b5) CLAIMS: THE DEBTOR SHALL
>       MAINTAIN POST-PETITION PAYMENTS DIRECTLY WHILE
>       CASE IS PENDING AND THE TRUSTEE WILL CURE ALL
>       PRE-PETITION ARREARS, COSTS, AND FEES OF THE
>       FOLLOWING CLAIMS:
>       -- WITH FULL 1OO% PAYMENT:
>       First Mount Vernon (Adversary Complaint to Be Filed)

(No adversary proceeding has been filed.)  The debtor does not allege how she could pay $85,000, with 7% interest, over the five-year maximum term of a plan.  Perhaps most importantly, the debtor has not explained why she should be relieved of the terms of the Consent Order when she knowingly entered into that Consent Order.

An order follows striking the response to the affidavit of default, without prejudice to the debtor's seeking relief from

the Consent Order under Fed. R. Civ. P. 60, or seeking

confirmation of a plan that alters the rights of the creditor.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Richard Rogers, Esq.